IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 110-075 |
| | ) | |
| REGINALD LONNEL CRAY | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] The Magistrate Judge recommended denying Defendant's motion to suppress evidence obtained from the search of his residence at 4686 Red Leaf Way, Martinez, Georgia, concluding that the search warrant issued, authorizing the search of Defendant's residence, was supported by probable cause. (Doc. no. 38.) The Magistrate Judge also recommended denying Defendant's motion to suppress statements made during the execution of the search warrant. (Id.) Alternatively, the Magistrate Judge found that even if probable cause to support the issuance of the warrant had not been established, the evidence discovered as a result of the search would be admissible under the good-faith exception set forth in United States v. Leon, 468 U.S. 897 (1984). (Id.)

Notably, this case was re-filed after the dismissal without prejudice of similar charges against Defendant in United States v. Cray, CR 109-074 (S.D. Ga. June 4, 2009) (hereinafter

---

[1] The government filed a response to Defendant's objections to the Report and Recommendation. (Doc. no. 46.)

"CR 109-074"). In Defendant's prior case, he brought the same motion to suppress that is now currently before the Court. (CR 109-074, doc. nos. 22, 45, 46.) The Magistrate Judge held an evidentiary hearing in the prior case on September 8, 2009, addressing Defendant's motion to suppress in CR 109-074. Although Defendant argued that a new evidentiary hearing was required in the above-captioned case because of a lack of testimony concerning the events that led to his return to his home from Fort Gordon on the morning of the search, the Magistrate Judge concluded that there was no reason for holding an evidentiary hearing based on Defendant's motion. Indeed, the Magistrate Judge explained that Defendant had not provided the necessary evidentiary detail in his current motion to explain why the Court should hold a second evidentiary hearing on the same issues which were previously explored during the September 8, 2009 evidentiary hearing. As such, the Magistrate Judge recommended that Defendant's request for a second evidentiary hearing be denied.

The crux of Defendant's motion to suppress the evidence discovered as a result of the search of his residence is that government agents improperly used Customs Summonses to obtain the information that was ultimately used to secure the search warrant at issue. That is, Defendant argued that without the purportedly improperly obtained information, there would not have been sufficient probable cause to support a search warrant application. As the Magistrate Judge stated in the Report and Recommendation, Defendant must establish that he has a valid privacy interest in the information obtained through the Customs Summonses such that he should be able to challenge the search of his residence. (Doc. no. 38, pp. 11-13.) However, the Magistrate Judge found that Defendant had not shown any valid privacy interest that invokes the Fourth Amendment protection. (Id.).

Nevertheless, the Magistrate Judge also assumed for the sake of argument that Defendant did have a valid privacy interest and addressed the arguments raised by Defendant in the motions to suppress. (Id. at 13-19.) Although Defendant's objections attempt to address the issue of Defendant's privacy interest, his arguments miss the mark. (Doc. no. 44). The Court is aware that Defendant, relying on Rakas v. Illinois, 439 U.S. 128, 143 (1978), argues that "[a]s to 'expectation of privacy,' . . . Congress has set forth these expectations by statute. . . ." (Id. at 7-8.) Defendant argues that the Right to Financial Privacy Act and the Electronic Communications Privacy Act of 1986 provide a privacy right protected by the Fourth Amendment. However, as noted by the Magistrate Judge, to benefit from the protection provided by the Fourth Amendment, Defendant must show that he suffered a violation of a constitutional right. (Doc. no. 38, p. 13.) At best, Defendant alleges that he suffered a violation of a statutory right. Therefore, Defendant has not established a valid privacy interest.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's request for a new evidentiary hearing (doc. no. 31) is **DENIED**, and the motion to suppress (doc. no. 26) is **DENIED**.

SO ORDERED this 21st day of July, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE