IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| REGINALD LONNEL CRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-135 |
| | ) | (Formerly CR 110-075) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 6), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

**A.    Indictment and Trial**

On April 7, 2010, the grand jury in the Southern District of Georgia charged Petitioner with one count of receipt of child pornography and one count of possession of child pornography. United States v. Cray, CR 110-075, doc. no. 1 (S.D. Ga. Apr. 7, 2010) (hereinafter "CR 110-075"). Petitioner retained attorney John Todd Garcia to represent him. See id., doc. no. 4.

Petitioner's trial occured on September 13-16, 2010.  See id., doc. nos. 82-85.  The Eleventh Circuit provided the following description of facts based on evidence introduced at this trial:

> The Government's case was put together by agents of the Department of Homeland Security, Immigration and Customs Enforcement, the FBI, and the Georgia Bureau of Investigation.  Using various investigative techniques, including undercover access to a particular subscription-based child pornography website ("Website"), the agents obtained detailed information about the Website's subscribers and associated e-mail accounts.
>
> On March 25, 2008, Cray, using the name Reginald Cray, a First National Bank South ("FNB") credit card, a post office box address in Fort Gordon, Georgia, an email address *gqfats06@yahoo.com*, and a telephone number, purchased a 30–day subscription to the Website for $79.99.  After Cray subscribed, BellSouth.net.Inc., his internet service provider, assigned a specific Internet Protocol ("IP") address, 68.217.244.87, to his residence.  The next day, March 26, at 1:42 a.m., Cray, using that IP address, accessed the Website and viewed several child pornographic movies.  Shortly thereafter, BellSouth changed the IP assigned to the residence to 74.203.181.25.  On March 27, 2009, Cray used an IP address controlled by Comcast Communications, 67.162.248.119, to access the Website from Dover, Delaware.  He viewed 14 movies and three pages of child pornography on that occasion.  Using his 74.203.181.25 IP address, Cray also accessed the Website on April 1, 11, 13, 14, 2008, and viewed countless pieces of child pornography—movies, videos, and images.
>
> On April 28, 2008, agents met with Cray at his residence and executed a search warrant.  While they were there, he consented to an interview.  He admitted to the agents that, using his Dell laptop, he had accessed the Website, knowing that it contained child pornography, and viewed the contents of its server.  He was aware that the contents involved real children, not "midgets or morphed images."  He said that he had viewed child pornography over the Website for about four years, but was careful not to download or save the images to his computer.  A forensic evaluation of Cray's laptop revealed that Cray had viewed at least 19 videos.

United States v. Cray, 450 F. App'x 923, 927 (11th Cir. 2012).

At the close of deliberations, the jury found Petitioner guilty of both counts.  CR 110-

075, doc. no. 95.

### B.    Sentencing

Upon Petitioner's conviction, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-five, Criminal History Category at I, and Guidelines imprisonment range at 168 to 210 months. PSI ¶ 68. Petitioner, through counsel, filed numerous objections to the PSI. See PSI Add.  First, Petitioner objected to the PSI's factual characterizations that identified him personally, rather than someone using his e-mail and IP addresses, as the viewer of the child pornography images at issue in the case. Id.  Second, Petitioner argued no more than two separate images should be attributed to him for sentencing purposes, as the Government argued in closing that only two images were needed for a conviction. Third, Petitioner objected to the enhancement to his sentence under U.S.S.G. § 3C1.1 for obstruction of justice. Id.  Finally, Petitioner objected that he was not granted a downward departure under U.S.S.G. § 5K2.20 based on aberrant behavior. Id.

At sentencing on February 17, 2011, United States District J. Randal Hall overruled all of Petitioner's objections to the PSI, departed downward slightly from the guidelines range in consideration of Petitioner's military service, and imposed a sentence of imprisonment of 144 months. CR 110-075, doc. nos. 108, 109, 120. Judgment was entered on February 22, 2011. Id., doc. no. 109.

### C.    Appeal

Petitioner appealed his guilty convictions to the Eleventh Circuit. Cray, 450 F. App'x at 926.  Petitioner, through counsel, raised the following grounds of error on appeal:

3

1. The Court erred in denying his motion for judgment of acquittal because the evidence was insufficient to convict as no actual images of child pornography were found on his computer.

2. The Court erred in dismissing his first indictment without prejudice for a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, because there should be a presumption in favor of dismissal with prejudice for violations of the Act, and because the factors set forth in the Act required dismissal with prejudice.

3. The Court erred in failing to suppress evidence discovered during the search of his residence because the affidavit for the search warrant was based on his IP subscriber information and bank records that the Government obtained improperly through the use of administrative summonses, pursuant to 19 U.S.C. § 1509.

4. The Court erred in permitting the Government's expert to testify that, in his opinion, Petitioner personally operated his laptop to access a child pornography website while in Dover, Delaware because the opinion was outside the scope of his expertise, was unreliable, and could have been made by the Government during closing argument.

5. The Court erred in allowing the Government's expert to testify to inadmissible hearsay data relating to the geographic location of IP addresses because the hearsay identification of the geolocation of IP addresses based on internet databases or searches is not reasonably relied on by computer experts.

6. The Court erred in allowing the publication of videos taken from the child pornography website's server to the jury because he did not actually possess those videos.

7. The Court abused its discretion in failing to give his requested jury instruction that out-of-court statements must be corroborated.

8. The Court erred in allowing the Government's summary chart—which matched filenames found in his laptop registry with files accessed on the Website by a subscriber using Petitioner's name and information—to go to the jury.

Id. at 927-37.   The Eleventh Circuit found all of Petitioner's arguments meritless and affirmed Petitioner's convictions on January 12, 2012.  Id.  Petitioner applied for a writ of

certiorari to the United States Supreme Court, which was denied on October 1, 2012. Cray v. United States, 133 S. Ct. 265 (2012).

### D.     Post-Conviction Proceedings

On August 11, 2016, Petitioner, through counsel, filed this 28 U.S.C. § 2255 motion. (Doc. no. 1.) Petitioner alleges four grounds of relief: (1) Petitioner is "actually innocent" of Count Two of the Indictment, (2) Petitioner's conviction for both receipt of child pornography and possession of child pornography violated the Constitution's prohibition on double jeopardy, (3) counsel was ineffective for failing to preserve and raise on appeal Petitioner's actual innocence and double jeopardy claims, and (4) counsel was ineffective for failing to challenge the Eleventh Circuit's use of a newer version of the statute under which Cray was convicted in analyzing his appeal. (Id. at 1-6; doc. no. 2, pp. 7-13.)

Petitioner concedes his § 2255 motion is untimely and thus barred by AEDPA's one-year statute of limitations. (See doc. no. 2, p. 7.) However, he argues he should still be allowed to bring his claims because: (1) he is actually innocent of Count Two of the Indictment; and (2) the Supreme Court's decisions in Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 133 S. Ct. 1911 (2013), allow him to raise his procedurally-barred ineffective assistance of counsel claims. (See id. at 7-9.)

Respondent moves to dismiss the § 2255 motion on the ground that Petitioner cannot establish actual innocence and that, under Eleventh Circuit precedent, the Supreme Court's decisions in Martinez and Trevino do not apply to AEDPA's statute of limitation. (See doc. no. 6.)

5

## II.     DISCUSSION

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1.  the date on which the judgment of conviction becomes final;

2.  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner's claims are time-barred and not saved by any exception for consideration of untimely petitions.

### A.     Petitioner Is Not Actually Innocent.

Consideration of an otherwise untimely petition for federal habeas corpus relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new

reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, as he freely admits, Petitioner produced no new facts or evidence not previously presented at trial in support of his actual innocence claim.  (See doc. no. 9, p. 2.) ("It is true that [Petitioner] has no 'new' evidence to present . . . .")  Rather, Petitioner makes the legal argument that the "artifacts" or "remnants" found on Petitioner's computer were insufficient to convict him of possessing any "book, magazine, periodical, film, videotape, computer disk, or other material that contains an image of child pornography" under 18 U.S.C. § 2252A(a)(5)(B).  (See id. at 3-6.)  Petitioner bases this argument on new legal interpretations of the testimony previously adduced at trial.  (Id.)  However, "only provid[ing] new interpretations of existing evidence [is] not . . . a sufficient showing of actual innocence to overcome the procedural default." Claritt v. Kemp, 336 F. App'x 869, 871 (11th Cir. 2009).  Indeed, this is because "'actual innocence' means *factual* innocence, not mere legal insufficiency." McKay v. United States, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting Bousley v. United States, 523 U.S. 614, 623, (1998)); see also Sawyer v. Whitley, 505 U.S. 333, 339, 112 S. Ct. 2514, 2519, 120 L. Ed. 2d 269 (1992) ("the miscarriage of justice

7

exception is concerned with actual as compared to legal innocence"). Consequently, because Petitioner presents *no* new evidence but only novel legal arguments, his actual innocence claim fails.

### B. <u>Martinez</u> and <u>Trevino</u> Do Not Allow Petitioner to Raise Untimely Ineffective Assistance of Counsel Claims.

Contrary to Petitioner's contention, the Supreme Court's decisions in <u>Martinez</u> and <u>Trevino</u> do not apply to AEDPA's statute of limitations. In <u>Martinez v. Ryan</u>, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

<u>Id.</u>, 566 U.S. 1, 17, (2012). The Court subsequently extended the rule in <u>Martinez</u> to apply where the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." <u>Trevino v. Thaler</u>, 133 S. Ct. 1911, 1921 (2013).

As the Eleventh Circuit held, the rule in <u>Martinez</u> and <u>Trevino</u> "does not apply to AEDPA's statute of limitations or the tolling of that period." <u>Arthur v. Thomas</u>, 739 F.3d 611, 630 (11th Cir. 2014); <u>see also</u> <u>Chavez v. Sec'y, Florida Dep't of Corr.</u>, 742 F.3d 940, 946 (11th Cir. 2014) ("we have rejected the notion that anything in <u>Martinez</u> provides a basis for equitably tolling the filing deadline"). The Court explained:

> The § 2254 ineffective-trial-counsel claims in <u>Martinez</u> and <u>Trevino</u> were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners

> never timely or properly raised them in the state courts under the states' procedural rules. At no point in <u>Martinez</u> or <u>Trevino</u> did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way . . . . Because [Petitioner]'s § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in <u>Martinez</u> and <u>Trevino</u> of when and how "cause" might excuse noncompliance with a state procedural rule is wholly inapplicable here.

<u>Arthur</u>, 739 F.3d at 630-31 (emphasis in original). Therefore, <u>Martinez</u> and <u>Trevino</u> do not allow Petitioner to bring an untimely ineffective assistance of counsel claim.

Accordingly, because nothing excuses Petitioner's untimeliness in filing his § 2255 motion, he is not entitled to relief. Because Petitioner's motion is time-barred, the Court need not address his substantive double jeopardy and ineffective assistance of counsel claims. Under these circumstances, the Respondent's motion to dismiss should be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 6), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 14th day of March, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA