IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| REGINALD LONNEL CRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-135 |
| | ) | (Formerly CR 110-075) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 12.) Although nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, the Court will briefly address Petitioner's arguments.

First, Petitioner argues he meets the standard for actual innocence because he is factually innocent of Count Two of his indictment. (Doc. no. 12, p. 2.) He charges the Magistrate Judge with mistakenly focusing on his failure to produce new evidence in support of his claim rather than acknowledging that "no reasonable juror would have convicted him [because] no physical images or videos of child pornography were found on [his] computer hard drive." (Id.)

Petitioner's argument ignores the conjunctive requirement of actual innocence— Petitioner must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' **and** (2) to show 'that it is more likely than not that no reasonable juror would have

found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (emphasis added) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012).  As the Magistrate Judge noted, Petitioner offers no new evidence but rather makes a legal argument based on testimony adduced at trial. (See doc. no. 10, p. 7.) This is insufficient to prove actual innocence because "only provid[ing] new interpretations of existing evidence [is] not . . . a sufficient showing of actual innocence to overcome the procedural default." Claritt v. Kemp, 336 F. App'x 869, 871 (11th Cir. 2009).

Moreover, although no actual images were found on Petitioner's computer and hard drive, Respondent details ample evidence adduced at trial indicating Petitioner's prior possession of child pornography on those devices. (See doc. no. 6, pp. 5-6.) Thus, Petitioner cannot show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," and his first objection is without merit. McQuiggin v. Perkins, 569 U.S. –, 133 S. Ct. 1924, 1935 (2013).

Second, Petitioner argues that the Magistrate Judge's reliance upon the Eleventh Circuit's holdings in Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014), and Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940 (11th Cir. 2014), in rejecting his Martinez and Trevino arguments are misplaced because both of those cases are distinguishable. (Doc. no. 12, pp. 3-4.) Although those cases are factually distinguishable, the Magistrate Judge properly applied the law set forth in those cases to the present case.

In Arthur, the Eleventh Circuit explained at length why Martinez and Trevino do not apply to federal rules such as the AEDPA statute of limitations,

2

> The Martinez rule arose from the impact of *state* rules that (1) did not allow petitioners to raise ineffective-trial-counsel claims on direct appeal (or made it virtually impossible to do so) and (2) required petitioners to bring such claims only in their initial-review collateral proceedings. In Martinez and Trevino, collateral counsel did not raise such claims in the initial-review collateral proceedings but raised them only in a second state collateral review proceedings, which resulted in the claims being procedurally barred under state rules. See Martinez, 132 S.Ct. at 1314; Trevino, 133 S.Ct. at 1915. In Martinez and Trevino, it was how the *state* rules operated—the rules precluded review of, or a meaningful opportunity to raise, ineffective-trial-counsel claims, triggering a state procedural bar—which created the cause to excuse the state bar.
>
> In contrast, [Petitioner]'s case does not involve "cause" under the procedural default doctrine. [Petitioner]'s § 2254 petition was dismissed because he filed it well after AEDPA's limitations period expired, and he showed no basis for tolling. See Arthur, 452 F.3d at 1250-54. [Petitioner]'s case concerns only the operation of a *federal* rule—namely, the operation of AEDPA's one-year statute of limitations. It was wholly the operation of AEDPA's *federal* limitations period—independent of any state procedural rule—that barred [Petitioner]'s § 2254 petition. Because [Petitioner]'s § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in Martinez and Trevino of when and how "cause" might excuse noncompliance with a state procedural rule is wholly inapplicable here.

Arthur, 739 F.3d at 630-31 (emphasis in original); see also Simmons v. Jones, No. 3:14-CV-374/MCR/CJK, 2015 WL 5190561, at *4 (N.D. Fla. June 26, 2015), *report and recommendation adopted*, No. 3:14-CV-374/MCR/CJK, 2015 WL 5190556 (N.D. Fla. Sept. 4, 2015) (Martinez rule does not apply to the AEDPA's limitations period after Arthur); Warren v. Crews, No. 3:13-CV-296/RV/EMT, 2014 WL 2050284, at *6 (N.D. Fla. May 19, 2014) (same); Brown v. Crews, No. 3:13-CV-64/MCR/EMT, 2014 WL 4409952, at *4 (N.D. Fla. Sept. 8, 2014) (same).

In Chavez, the Eleventh Circuit merely reiterated that Martinez and Trevino do not apply to AEDPA's statute of limitations:

3

> We have emphasized that the equitable rule established in <u>Martinez</u> applies only to excusing a procedural default of ineffective-trial-counsel claims and, for that reason, has no application to other matters like the one-year statute of limitations period for filing a § 2254 petition . . . . And while the federal limitations period is subject to equitable tolling in certain circumstances, we have rejected the notion that anything in <u>Martinez</u> provides a basis for equitably tolling the filing deadline.

<u>Chavez</u>, 742 F.3d at 945-46 (internal quotations omitted). Nothing in <u>Chavez</u> undermined the Court's rationale in <u>Arthur</u> that <u>Martinez</u> and <u>Trevino</u> do not apply to the operation of federal rules.

Just as <u>Martinez</u> and <u>Trevino</u> were inapplicable to a federal rule—namely, AEDPA's statute of limitations—in the context of a § 2254 petition, they are equally inapplicable to that same federal rule in the context of Petitioner's § 2255 motion. Therefore, Petitioner's second objection is also without merit.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss (doc. no. 6), and **DISMISSES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has

failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 3rd day of April, 2017, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

5